## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ERIC AUSTIN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 14-6490 |
| | ) | |
| v. | ) | |
| | ) | **COMPLAINT** |
| MEDICREDIT, INC., | ) | |
| | ) | |
| Defendant. | ) | **JURY DEMANDED** |
| | ) | |

Now comes the Plaintiff, ERIC AUSTIN, by and through his attorneys, and for his Complaint, against the Defendant, MEDICREDIT, INC., Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 1367, and 15 U.S.C. § 1692k(d). This jurisdiction includes supplemental jurisdiction with respect to pendent state law claims.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

## PARTIES

4. Plaintiff is an individual who was at all relevant times residing in State of Illinois.

5. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as he is a natural person allegedly obligated to pay a debt.

6. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

7. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

8. On information and belief, Defendant is a corporation of the State of Missouri, which is licensed to do business in Illinois, and which has its principal place(s) of business in St. Louis, Missouri and/or Nashville, Tennessee.

## FACTS COMMON TO ALL COUNTS

9. On December 9, 2013, Plaintiff filed a Chapter 7 voluntary bankruptcy petition in the United States Bankruptcy Court, Northern District of Illinois, case number 13-47046.

10. On March 25, 2014, an Order of Discharge was entered in Plaintiff's bankruptcy case, which included the alleged debt which Defendant attempted to collect from Plaintiff.

11. Subsequent to the entry to the Order of Discharge in Plaintiff's bankruptcy case, Defendant placed excessive and repeated telephone calls to Plaintiff from telephone numbers which included, but are not limited to (888) 444-1786.

12. On or about May 20, 2014, Plaintiff's attorney, David Leibowitz, placed a telephone call to Defendant and spoke with Defendant's employee, agent and/or representative, who identified herself as Charlotte Bell. Mr. Leibowitz advised Ms. Bell that he represented Plaintiff with respect to the alleged debt.

13. Despite having been provided with notice of Plaintiff's attorney's representation, Defendant placed another telephone call to Plaintiff on or about May 22, 2014 at 7:24 p.m., in a further attempt to collect the alleged debt.

14. During this communication, Plaintiff asked Defendant's employee, agent and/or representative whether Defendant knew Plaintiff was represented by an attorney with respect to the alleged debt. Defendant's employee, agent and/or representative then confirmed that Defendant did have that information in its records.

15. At the time of the May 22, 2014 communication and prior thereto, Defendant knew, or should have known, that Plaintiff was represented by an attorney and that the alleged debt had been discharged in Plaintiff's bankruptcy case.

16. In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiff and violated the FDCPA.

17. As a result of Defendant's actions as outlined above, Plaintiff has suffered and continues to suffer stress, aggravation, emotional distress and mental anguish.

## COUNT I

18. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

19. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff after Defendant had been advised that Plaintiff was represented by an attorney with respect to the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

 a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

 b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

 c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

 d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT II

20. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

21. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and/or abuse Plaintiff in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d.    Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT III

22. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

23. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and/or misleading representation or means in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

      c.      Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

      d.      Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT IV

24. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

25. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount and/or legal status of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

      a.      Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

      b.      Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

      c.      Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

      d.      Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT V

26. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

27. Defendant violated 15 U.S.C. § 1692e(10) by using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt and/or to obtain information about Plaintiff.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT VI

28. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

29. Defendant violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to attempt to collect the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d.    Any other legal and/or equitable relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her FDCPA claims in this action.

RESPECTFULLY SUBMITTED,

ERIC AUSTIN

By:   /s/ David B. Levin
       Attorney for Plaintiff

David B. Levin
Attorney No. 6212141
UpRight Law LLC
25 E. Washington Street
Suite 400
Chicago, IL 60602
Phone: (312) 878-1867
Fax: (866) 359-7478
dlevin@lawsolutionsbk.com